UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larold Lee Morris, | ) C/A No. 5:12-2264-SB-KDW |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) (for Partial Summary Dismissal) |
| Becky Holland; | ) |
| Chad Hooper; | ) |
| Officer Lockaby; | ) |
| Officer Sewer, all Officially & Individually, and | ) |
| Pickens County Jail, Officially, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Larold Lee Morris ("Plaintiff"), a county detainee, alleges excessive force and medical indifference following the incident of alleged excessive force. He alleges that Pickens County corrections officers overreacted to a verbal confrontation between him and one corrections officer over the confiscation of the ice cooler used by detainees in Plaintiff's living area. Compl., ECF No. 1 at 3. The incident allegedly took place on June 14, 2012. *Id*. Plaintiff names several Pickens County Jail officials/employees as Defendants; he also names the jail itself as a Defendant. He seeks damages and injunctive relief. *Id*. at 6.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *Erickson v. Pardus*, 551 U.S. 89 (2007). When evaluating a pro se complaint, the court assumes the plaintiff's allegations to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights,

2

privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law."[1] *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

The Complaint in this case should be partially summarily dismissed as to Defendant Pickens County Jail because the jail is a building or group of buildings; it is not a person and, thus, it cannot be found liable under § 1983. Plaintiff's Complaint includes no other viable basis for him to sue the jail in this court. Pickens County Jail should be dismissed from the case.

## RECOMMENDATION

---

[1] Plaintiff's Complaint alleging problems in connection with the conditions of his current confinement is properly before this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

3

Accordingly, the undersigned recommends that the Complaint in this case be partially dismissed *without prejudice* as to Defendant Pickens County Jail only. *See Denton v. Hernandez*, 504 U.S. 25; *Neitzke v. Williams*, 490 U.S. at 324-25; *Haines v. Kerner*, 404 U.S. 519; *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951; *Todd v. Baskerville*, 712 F.2d at 74; *Boyce v. Alizaduh*, 595 F.2d 948; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants.

IT IS SO RECOMMENDED.

September 25, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).