UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larold Lee Morris, #37545, | ) | C/A No.   5:12-cv-02264-SB-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Report and Recommendation |
| Becky Holland, Chad Hooper, Officer Lockaby, Officer Sewell,[1] | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his civil rights. This matter is before the court on the Motion for Summary Judgment filed by Defendants on June 28, 2013. ECF No. 63.  Plaintiff responded to Defendants' Motion for Summary Judgment on July 18, 2013, ECF No. 67, and Defendants filed a reply to Plaintiff's response on July 29, 2013, ECF No. 68, making this motion ripe for consideration.[2]  This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

---

[1] In his initial pleadings, Plaintiff incorrectly identified Defendant Sewell as Defendant Sewer.
[2] In response to Defendants' summary judgment motion, Plaintiff admits that he cannot maintain a claim against Defendant Holland.  Plaintiff also states that he is dropping his official capacity claims against Defendants Hooper, Lockaby, and Sewell, and his request for injunctive relief. Plaintiff also avers that his Complaint does not assert state law claims.   ECF No. 67 at 1.

I.      Background

At the time of the alleged incident, Plaintiff was a pre-trial detainee in the A-Block of the Pickens County Law Enforcement Center. Plaintiff filed his Complaint on August 9, 2012, and contends that on or about June 14, 2012, Defendant Hooper confiscated A-Block's ice cooler and when Plaintiff asked him why, Hooper told Plaintiff, "[i]f I didn't tell you why, its none of your f--king business." ECF No. 1 at 3.  Plaintiff stated that Defendants Hooper, Sewell, and Lockaby then came to his cell and began throwing Plaintiff's "newly purchased clothing" on the floor, and then Hooper began walking on the clothes, and wiping his boots on them.  *Id.* Plaintiff pushed the Emergency Call Box to inform the shift supervisor of Hooper's actions, however no one responded.  *Id.*  Hooper, Sewell, and Lockaby then asked Plaintiff to step into the hallway, and while "[Plaintiff] was pacing back and forth," a fourth correctional officer, Officer Riley, was called.  *Id.*   Plaintiff contends that he was walking towards the gate, as requested, and when he passed by Hooper, he reached out and grabbed Plaintiff's arm "in an aggressive and confrontational manner."  *Id.* at 3-4.  Plaintiff alleges that he snatched his arm away and turned away from Hooper who then tackled Plaintiff into Officer April who had also come on the scene. *Id.* at 4.  Plaintiff contends that he was then picked up and slammed "into a medical cart, then slung … into fully filled ice coolers, then mouth first into the concrete floor, busting [his] mouth inside tremendously."  *Id.* at 4.  Plaintiff alleges that once he was on the ground, Defendant Hooper placed his knee into Plaintiff's face, "even though [Plaintiff] was about unconscious already and not resisting."  *Id.*  Plaintiff was then handcuffed and taken to the booking control room.  *Id.*  When Sgt. Lisa asked Plaintiff what happened, Hooper "slung [Plaintiff] aggressively . . . into the booking counter with brutal force" and twisted Plaintiff's "arm upward with [his] hand bent backwards attempting to break [Plaintiff's] wrist." *Id.* Plaintiff contends that Sgt. Lisa

2

intervened and told Hooper to release Plaintiff. *Id.* at 4. Plaintiff was placed in a restraint chair and his handcuffs were removed. *Id.* Plaintiff contends his "lower arm and wrist had begun to turn a purpleish [sic] blue color from a lack of blood circulation." *Id.* Plaintiff alleges that he had injured his mouth, had "cuts and bruises," and a sprained back and neck. *Id*. at 5. Plaintiff contends that he was refused medical treatment for his injuries. *Id.* Plaintiff seeks monetary damages. *Id.* at 6.

II.     Standard of Review

In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit

under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

 III. Analysis

  A. Failure to Exhaust

Defendants contend that they are entitled to summary judgment on Plaintiff's excessive force claim because Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e. ECF No. 63-1 at 22. Section 1997e provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "'need not meet federal standards', nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his

4

administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). However, '[d]efendants may . . . be estopped from raising non-exhaustion as an affirmative defense when prison officials inhibit an inmate's ability to utilize grievance procedures.'" *Stenhouse v. Hughes*, C/A No. 9:04-23150-HMH-BHH, 2006 WL 752876, at *2 (D.S.C. Mar. 21, 2006) (quoting *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004)).

Defendants offer an affidavit from Keith Galloway, Captain of the Pickens County Law Enforcement Center, who attests that each detainee is given a copy of "an Inmate Orientation Pamphlet upon booking which outlines the procedures for filing grievances while detained." Galloway Aff. ¶ 3, ECF No. 63-4. Galloway avers that he has "access to any records of grievances filed by any detainee at Pickens County Detention Center" and Pickens County does not have a grievance from Plaintiff regarding the allegations in his lawsuit. *Id.* at ¶ 4. In response to this argument, Plaintiff contends that he attempted to grieve his mistreatment and was denied a grievance form. Morris Dep. 69:13-15, ECF No. 67-1. Plaintiff alleges that he wrote out his grievance on yellow notebook paper and gave it to an officer to be filed. Morris Dep. 69:16-24. Defendants deny that Plaintiff turned in a paper purported to be a grievance, and contend that even if he did, such a paper "would not be in conformity with the grievance policy." ECF No. 63-1 at 23. Defendants contend that Plaintiff's claim is barred because Plaintiff failed to file, or pursue to completion, a grievance. *Id.*

Viewing the evidence in the light most favorable to Plaintiff, the undersigned finds that it is a question of fact whether Defendants inhibited Plaintiff's ability to use the grievance system by failing to provide Plaintiff with a grievance form and refusing to process the handwritten grievance Plaintiff attempted to file. "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."

5

*Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *see also Stenhouse*, 2006 WL 752876 at *2 ("[E]xhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies."). The undersigned finds that Defendants have not met their burden of showing "there is no genuine dispute as to any material fact" regarding Plaintiff's failure to exhaust his administrative remedies, and therefore, the undersigned recommends that Defendants' motion for summary judgment for failure to exhaust be denied.

B. Excessive Force Claim

Excessive force claims raised by a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment. *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008). To establish a constitutional excessive force claim, the inmate must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component); and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)). Thus, courts must analyze both subjective and objective components.

For the subjective component, the Supreme Court has identified the following four factors to consider when determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." *Whitley*, 475 U.S. at 321. The absence of significant injury alone, however, is not dispositive of a claim of excessive force. *Wilkins v. Gaddy*, 559 U.S. 34, 38-39 (2010). The extent of the injury incurred

6

is one factor indicative of whether the force used was necessary in a particular situation; however, if the force used was applied maliciously and sadistically, liability is not avoided simply because the prisoner "ha[d] the good fortune to escape without serious injury." *Id.* at 38. As the Court noted in *Wilkins*, the issue is the nature of the force, not the extent of the injury.

Defendants argue that Plaintiff was a ringleader in a disruption that had been going on since the night before the incident. Holcombe Aff. ¶ 3, ECF No. 63-14.[3] Defendants allege that Plaintiff was asked to leave his cell and that he and Defendant Hooper engaged in a verbal confrontation over Plaintiff's cell being searched and Plaintiff's belongings being damaged. Hooper Aff. ¶¶ 7-8, ECF No. 63-7. Defendants contend that Plaintiff was being escorted from his cell when, according to Plaintiff, Defendant Hooper "grabbed him and threw him against the cart." ECF No. 63-1 at 13. Defendants contend that even if the facts are viewed in the light most favorable to Plaintiff, Plaintiff has failed to create a genuine issue of fact "whether constitutionally excessive force" was used against Plaintiff. ECF No. 63-1 at 13. Defendants argue that under the *Whitley* factors, whether Plaintiff's version of the facts or Defendant Hooper's version of the facts are considered,

> [h]aving a prisoner attempt to pull away from a correctional officer while being escorted from his cell during a verbal confrontation is sufficient to give rise to a reasonable perception on the part of the prison official of a potential threat, and the fact that some amount of force was used by the Defendants Hooper, Sewell and Lockaby to take control of the situation does not by itself rise to the level of a constitutional violation.

---

[3] Other than citations to Plaintiff's deposition, Defendants do not include any cites to their affidavits, nor do they include cites to any other evidence attached to their memorandum in support of summary judgment. The undersigned has attempted to match Defendants' facts with their affidavits and other evidence, but has cited directly to arguments in the summary judgment memorandum when record cites could not be located.

ECF No. 63-1 at 13. Defendants also argue that there is no evidence that Plaintiff was injured in this incident. *Id.* at 14-15. Defendants contend that Plaintiff's excessive force claims should be dismissed. *Id.* at 16.

Plaintiff responds by arguing that an evaluation of the *Whitley* factors "weighs in favor of a finding" that Plaintiff was subjected to "unconstitutionally excessive force." ECF No. 67 at 8. Addressing the "need for force" factor, Plaintiff argues that his version of the facts shows that he was not resisting when the officers initially utilized force, and Defendant Hooper continued to use force against Plaintiff after the other Defendants left to get the restraint chair. Morris Dep. 58:15-59:15, 59:9, 99:4-21. Plaintiff argues that his version of the facts controls on summary judgment, and therefore, Plaintiff contends that no force was required as a matter of law. ECF No. 67 at 8-9. Plaintiff argues that the "amount of force used" factor also "weighs in favor of a constitutional violation." *Id.* at 9. Plaintiff testified that Defendants picked him up and slammed him against a cart and against a cooler, and then slammed him mouth-first into the ground. Morris Dep. 52:18-24, 54:18-23. Plaintiff avers that Defendant Hooper also threw Plaintiff against the counter and tried to break Plaintiff's wrist until Hooper was stopped by another officer. Morris Dep. 58:18-59:15. Plaintiff argues that he is not required to show he was injured to state a constitutional violation; however, Plaintiff states that Defendants' use of force left him with a bloody mouth, a bruised wrist, and a chipped tooth. Morris Dep. 66:5-67:5. Plaintiff also argues that the officers used force against him although he never physically resisted the officers. ECF No. 67 at 10. Plaintiff concludes by arguing that he suffered "a nontrivial" use of force "at the hands of the Defendants" and he therefore meets the objective component of an excessive force claim. ECF No. 67 at 10-11.

In reply, Defendants argue that Plaintiff's "deposition does not create a genuine issue of material fact, but instead supports Defendants' motion by establishing the context in which the events occurred."  ECF No. 68.  Defendants contend that Plaintiff admits that he was agitated, cursed at officers, covered a security camera, and refused to follow officers when they attempted to move him to a different location.[4]  ECF No. 68 at 3.  Defendants concede that "there is a factual dispute as to the events giving rise to this claim," but argue that does not entitle Plaintiff to a trial.  ECF No. 68 at 5.

Evaluating the subjective component of Plaintiff's excessive force claim, and viewing the evidence in the light most favorable to Plaintiff, the undersigned finds that there is a genuine issue of fact whether Defendants Hooper, Lockaby, and Sewell's actions in slamming Plaintiff into a cart, against a cooler, and mouth-first into the ground, and Defendant Hooper's actions in throwing Plaintiff against the counter and bending Plaintiff's wrist, were "applied in a good-faith effort to maintain or restore discipline."  The undersigned further finds that there is also a question of fact as to whether Plaintiff was refusing to comply with the officers' directives and resisting the officers' efforts to restrain Plaintiff.  Accordingly, the undersigned is unable to find as a matter of law that Defendants Hooper, Lockaby, and Sewell had a "need for application of force" or that Plaintiff's alleged actions posed a threat to the safety of staff.  Turing to the objective component of Plaintiff's excessive force claim, the undersigned notes the evidence in the record shows that Plaintiff had a bloody mouth, a bruised wrist, and a chipped tooth, but that Plaintiff did not receive medical treatment for these injuries. The undersigned notes, however, that the absence of significant injury alone is not dispositive of a claim of excessive force.

---

[4] The undersigned notes that the deposition cites offered by Defendants do not support their contention that Plaintiff refused to follow the officers' directions to move down the hall.  *See* ECF No. 68 at 4. (*citing* to Morris Dep. 49-50).

*Wilkins*, 559 U.S. at 38-39. The extent of the injury incurred is one factor indicative of whether the force used was necessary in a particular situation; however, if the force used was applied maliciously and sadistically, liability is not avoided simply because the prisoner "had the good fortune to escape without serious injury." *Id.* at 38. As the Court noted in *Wilkins*, the issue is the nature of the force, not the extent of the injury. Accordingly, the undersigned recommends that Defendants' motion for summary judgment on this ground be denied. *See Isgett v. Boone*, C/A No. 8:11-02783-CMC-JDA, 2013 WL 773070, at *3 (D.S.C. Feb. 28, 2013) (citing *Davis v. Zahradnick,* 600 F.2d 458, 460 (4th Cir. 1979) (holding summary judgment is not appropriate if the resolution of material issues depends upon credibility determinations)).

    C.    Qualified Immunity

Defendants also assert that even if Plaintiff can establish a constitutional claim, they are entitled to qualified immunity. ECF No. 63-1 at 16-21. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a

10

broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id*. (citations and internal quotation omitted).

> The right to be free from the excessive use of force was clearly established at the time of this incident. Although a jury ultimately may find the officers' version of the events more credible, [this court] is not permitted to make such credibility determinations when considering whether a [corrections] officer properly was held immune from suit under the doctrine of qualified immunity.

*Isgett v. Boone*, 2013 WL 773070 at *4 (internal citations omitted). As discussed above, the undersigned finds that it is a question of fact whether Defendants Hooper, Lockaby, and Sewell violated Plaintiff's constitutional right to be free from excessive force. Therefore, the undersigned cannot determine at the summary judgment phase that Defendants' actions were objectively reasonable for purposes of granting qualified immunity. *See Peoples v. Lloyd*, C/A No. 1:08-3958-CMC, 2010 WL 3951436 at *6-7 (D.S.C. Oct. 7, 2010) (denying defendant's defense of qualified immunity because issues of fact existed as to whether defendant's use of force was constitutional). The undersigned recommends that Defendants Hooper, Lockaby, and Sewell be denied qualified immunity.

### IV. Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 63, be granted in part and denied in part. The undersigned recommends Defendants' Motion for Summary Judgment be granted as to Defendant Holland and Plaintiff's case against her be dismissed with prejudice; Defendants' Motion should be denied as to Defendants Hooper, Lockaby, and Sewell.

IT IS SO RECOMMENDED.

December 6, 2013                                    Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation"**

12